UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRITTANY PAGE,

     Plaintiff,                              Case No.:

v.

BAYONET POINT FACILITY
OPERATIONS, LLC

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRITTANY PAGE, (hereinafter referred to as "PLAINTIFF") pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), by and through her undersigned counsel and sues the Defendant, BAYONET POINT FACILITY OPERATIONS, LLC, (hereinafter known as "DEFENDANT") and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving

1

rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3.     At all times material herein, Plaintiff was and is a resident of Pasco County, Florida.

4.      Defendant is a foreign corporation licensed and authorized to conduct business in the State of Florida and doing business within Pasco County. At all times material Defendant was an employer as defined by the FLSA.

5.     At all times material herein, Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(l), Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

6.     At all times material, Defendant willfully violated the Fair Labor Standards Act ("FLSA").

7.     Defendant is an "enterprise" as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, or (b) has an annual gross volume of sales made or business done

that is not less than $500,000.00.

8.      Alternatively, Plaintiff is covered as an individual under the FLSA because Plaintiff engaged in interstate commerce as part of her job with Defendant, 29 U.S.C. §207(a)(1).

9.      Plaintiff has retained the undersigned counsel to represent her interest in this action and is obligated to pay them a reasonable fee for their services.

## FACTS

10.     Plaintiff began her employment on or about July 2020, as a Receptionist at Defendant's New Port Richey office earning $11.00 per hour.

11.     On or about September 2021, Plaintiff was promoted to the position of Human Resources Coordinator earning $16.00 per hour.

12.     Plaintiff regularly and routinely worked over forty (40 ) hours in a work week.

13.     Plaintiff was not paid time and one-half her regular hourly rate for each and every hour that she worked in excess of forty (40) hours in a work week for all weeks that she worked.

14.     Plaintiff's Human Resources position required her to work every Saturday and Sunday either in office or remotely from home.

15.     Plaintiff routinely worked seven days per week working an average of ten to fifteen weekend hours overtime each week.

16.     Plaintiff was not paid for any hours worked during the weekends.

17.     Plaintiff's minor child is a qualified individual with a disability and suffers from a serious health condition.

18.     The administrator at Plaintiff's New Port Richey building accommodated Plaintiff to come and go as needed to care for her disabled child.

19.     In September 2021, when Plaintiff was promoted to a new building, the administrator at the new building was also agreeable to the same accommodations.

20.     In January 2022, a new administrator, Warren Scott Ratliff was hired.

21.     Mr. Ratliff approached Plaintiff and asked whether she was on FMLA.   When Plaintiff responded that she wasn't because her prior two administrators had always accommodated her needs he stated well you need to be on FMLA.

22.     Plaintiff needed intermittent FMLA leave.   Despite this Mr. Ratliff told Plaintiff "you need to either be in the office 100% of the time able to work or out on full FMLA".

23.     Pursuant to Mr. Ratliff's interference with her rights, Plaintiff applied for an unwanted and unneeded continuous FMLA leave February 9, 2022, and officially began her FMLA leave on February 11, 2022, with a return date of April 22, 2022.

4

24.     On February 9, 2022, the same day Plaintiff applied for FMLA leave, her position was posted.

25.     On or about March 11, 2022, while out on FMLA leave Plaintiff was terminated.  Plaintiff received a text from her employer requesting she return her key and empty out her office.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

26.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through  sixteen (16).

27.     Defendant is subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

28.     Throughout her employment with Defendant, Plaintiff worked in excess of forty (40) hours per week, for which she was not compensated at the overtime rate.

29.     Plaintiff estimates that she worked an average of fifty to fifty-five hours per week.  Defendant failed to comply with its statutory obligation to keep accurate time records.

30.     The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 and  ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

31.     Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendant.

32.     Defendant's failure to pay Plaintiff overtime at a rate not less than 1 and ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. § 207.

33.     Defendant knew or had reason to know that Plaintiff performed work in excess of forty (40) hours per work week.

34.     Defendant's violations of the FLSA was intentional and willful and in reckless disregard of the rights of Plaintiff. Defendant knew that it's conduct was prohibited by the FLSA and/or showed reckless disregard about whether it was.

35.     As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA and has incurred reasonable attorneys' fees and costs.

36.     As a result of Defendant's violations of the FLSA, Plaintiff is entitled liquidated damages.

37.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant including, but not limited to:

a.       Awarding Plaintiff overtime compensation in the amount due to her for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

b.       Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c.       Awarding prejudgment interest;

d.       Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.       Determining that the FLSA was violated and an adjudication on the merits of the case;

f.       Ordering any other further relief the Court deems just and proper.

## COUNT II
## FLORIDA STATUTE CHAPTER  448.08 –  UNPAID WAGES

38.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through  sixteen (16).

39.    Plaintiff earned wages and commissions over the course of her employment which are owed and payable by the Defendant pursuant to Florida Statute Chapter 448.08.

40.    Defendant, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment as required by Florida Statute Chapter 448.08.

7

WHEREFORE, Plaintiff respectfully request all legal and equitable relief allowed by law including judgment against Defendant for back pay, unpaid wages, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

## COUNT III
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

41. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-five (25).

42. Defendant's actions interfered with Plaintiff's rights under the FMLA.

43. Defendant's actions constitute violations of the FMLA.

44. As a result of Defendant's unlawful actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for the following damages:

      a.    Back pay and benefits;

      b.    Interest;

      c.    Liquidated damages;

      d.    Attorney's fees and costs;

      e.    Equitable relief;

      f.    Such other relief as is permitted by law.

## COUNT IV
## (FMLA DISCRIMINATION/RETALIATION)

45      Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-five (25).

46.     Defendant retaliated against Plaintiff for asserting her FMLA rights.

47.     Defendant's actions constitute violations of the FMLA.

48.     As a result of Defendant's actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

Dated this 13th day of October 2022.

FLORIN GRAY BOUZAS OWENS, LLC

/s/ Wolfgang M. Florin
Wolfgang M. Florin
Florida Bar No.: 907804
wflorin@fgbolaw.com
Hunter A. Higdon
Florida Bar No.: 85963
hhidgon@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 220-4000
Facsimile (727) 483-7942
Attorneys for Plaintiff